**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOE PETE WELLS, and** | : | Civil No. 3:13-CV-2575 |
| **LES KRUTOFF,** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **Plaintiffs** | : | |
| | : | |
| v. | : | |
| | : | |
| **JPC EQUESTRIAN, INC., and** | : | |
| **VARUN SHARMA** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

In this action, Joe Pete Wells and Les Krustoff have brought claims against JPC Equestrian, Inc. and its President and Chief Executive Officer, Varun Sharma, alleging breach of contract and tortious interference with contract. The plaintiffs allege that they had contracts with JPC to market and sell equine-related products for the company in respective four-state sales territories. The plaintiffs claim that JPC breached the terms of their sales representation agreements in a variety of ways, and that Sharma directly interfered with the plaintiffs' contracts by engaging in his own sales of goods to retail customers in the plaintiffs' sales territories without paying the

plaintiffs' commissions.[1]

Earlier this year, the Court considered and disposed of the defendants' motion to dismiss the plaintiffs' complaint. The Court granted the motion with respect to the plaintiffs' age discrimination claims set forth in Count II of the complaint, but in all other respects the motion was denied. (Doc. 20.) Now pending in the case are several interrelated motions: the plaintiffs' motion to compel discovery (Doc. 26.); defendant Varun Sharma's motion to quash a subpoena that had been served upon him seeking information from JPC's Indian operations, or for a protective order from other discovery requests seeking similar information (Doc. 28.); and finally the parties' respective motions for summary judgment on all or some of the claims in this action (Docs. 34, 38.). In this memorandum, we take up the pending motions that seek to compel the production of documents and answers to interrogatories, and Varun Sharma's competing motion seeking to prevent the plaintiffs from seeking some of that discovery through a subpoena that has been served upon him or through related document requests.

---

[1] The plaintiffs had also brought claims for age and gender discrimination, but the plaintiffs have since conceded that these claims should be dismissed because the plaintiffs failed to exhaust administrative remedies prior to bringing this suit. (Doc. 10, at p. 8.) Accordingly, the only claims presented in this case are for breach of contract and for tortious interference with contractual relations. The plaintiffs' claims alleging age discrimination set forth in Count II will be dismissed.

The procedural history of this litigation, which has been halting at times, is familiar to the parties and does not warrant extended discussion here. The discovery period has now closed and the defendants have filed a motion for summary judgment on the plaintiffs' claims, and the plaintiffs have filed a motion for partial summary judgment. (Docs. 34, 38.) Those motions are pending, and further litigation in this matter has been stayed pending the Court's resolution of the motions.

This matter now comes before the Court on the plaintiff's motion to compel the defendants to produce email, invoices and certain sales information, and Varun Sharma's individual tax returns, all of which the plaintiffs claim the defendants have failed to provide despite the plaintiffs' repeated requests.[2] (Doc. 26.) In response, the defendants have represented that they have produced all responsive emails requested by the plaintiffs and that there are no further responsive emails to produce. In addition, the defendants have agreed to provide the plaintiffs with sales information regarding their alleged sales territories that is effectively responsive to their discovery inquiries within 15 days of the date of this order, and they have requested that the Court either deny the plaintiff's request for Sharma's income tax

---

[2] Although the discovery period has now closed, Kearney filed the motion to compel on July 8, 2014, shortly before the discovery period ended. Furthermore, Kearney filed the motion pursuant to direction from the Court following a telephone conference with the parties held on July 1, 2014. Accordingly, the motion is timely and properly filed.

statements or defer a decision until after first ruling on the defendants' pending motion for summary judgment. In addition, the defendants argue that they should not be required to comply with subpoenas and interrogatories seeking information regarding sales made by JPC-India on the grounds that this discovery relates solely to the plaintiffs' tortious interference claim, which the defendants insist is time-barred and, therefore any discovery relating to this claim would be fruitless while also being burdensome.

For the reasons discussed briefly below, the plaintiff's motion will be granted in part and denied in part.

## II. DISCUSSION

Under the Federal Rules of Civil Procedure, parties are permitted to engage in a broad range of discovery as part of the litigation process. Rule 26(b)(1) of those Rules provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "[T]herefore, all relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible. Rule 26(c) grants federal judges the discretion to issue protective orders that impose restrictions on the extent and manner of discovery [in some instances]." Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). In addition to certain limitations on discovery imposed under Rule 26, the Rules also allow a party to seek a protective order as follows:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the persons who may be present while the discovery is conducted;
> (F) requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or other confidential research, development, or

>commercial information not be revealed or be revealed only in a specified way; and
>(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c)(1). Similarly, Rule 45(d) of the Federal Rules of Civil Procedure allows a person subject to a subpoena to move to have it quashed, or otherwise protect the person from responding, if, among other reasons, the subpoena places an undue burden on the responding party or if the information sought is not within Rule 26's scope of relevance.

If a motion for a protective order is denied in whole or in part, "the court may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2). Matters pertaining to discovery are generally committed to the discretion of the trial court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). The plaintiffs' motion, and the defendants' response in opposition to this motion, call upon the Court to exercise its authority under Rule 26 of the Federal Rules of Civil procedure to regulate discovery in this case. Issues relating to the scope of discovery permitted under the Rules rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A court's

decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense". Therefore, valid claims of privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

    **A.**    **Email**

The plaintiffs first contend that the defendants have failed to produce relevant emails in response to their original discovery requests which sought emails that mention, or refer to the plaintiffs in any way shape or form from 2002 through 2010. The defendants have provided the plaintiff with responsive documents, but the plaintiffs believe there may be more that have not been produced. The defendants flatly dispute this assertion, and have explained the way in which they searched for

responsive email in their initial disclosures and in response to the plaintiffs' discovery request.

In order to cull responsive emails, the defendants searched the email boxes assigned to Varun Sharma and Richard Knapp, JPC's Comptroller, as the two employees who "reasonably could have had communications with or about Plaintiffs regarding the subject matter of this litigation." (Doc. 32, at 9.) The plaintiffs have suggested that other email must exist, and they argue that the defendants should scour the email accounts for since-departed employees to search for responsive email. The defendants have flatly represented that these emails "do not exist." In the related action of Kearney v. JPC Equestrian, Inc., et al., No. 3:11-CV-1419, Sharma has sworn under oath that his email box has been thoroughly searched, and that there are no further responsive emails. (No. 3:11-CV-1419 (M.D. Pa.) Doc. 124, Ex. B.)

It is an obvious truism that a court should not enter an order compelling a party to produce documents where the documents do not exist. See, e.g., Taylor v. Harrisburg Area Comm. Coll., 2013 WL 6095481 (M.D. Pa. Nov. 20, 2013). Such is the case here, and we find there is no basis to order the defendants to produce additional emails from Sharma's email box in the face of his sworn representation that no additional responsive emails exist.

Likewise, we find no basis to compel the production of other email that the plaintiffs believe must exist on computers that were once used by former employees or other personnel whom the plaintiffs believe may have been privy to email relevant to this litigation. The defendants have represented to the Court that JPC Equestrian does not maintain a central server for storing emails, and email retention for each employee is computer-specific. In layman's terms, this means that an employee's emails reside solely on an employee's respective computer, and not elsewhere within the company. The defendants have affirmatively represented that when an employee leaves JPC Equestrian, their computer is "scrubbed," and reassigned to another employee. Such is the case with two employees who Kearney believes may have had relevant emails: Nina Depetris (former Vice President), and Ron Valtos (former Comptroller). These employees left the company in 2009 and 2010 respectively, and their computers were "scrubbed" and reassigned shortly thereafter, and prior to this litigation being commenced. The defendants thus maintain that by the time this litigation commenced in February 2011, any emails residing on the computers used by Depetris or Valtos had long since been deleted from their computers, which had been reassigned.[3]

---

[3] The plaintiffs have not suggested that by "scrubbing" or reassigning these computers a year or more before this litigation commenced that the defendants have knowingly, intentionally, or recklessly destroyed relevant documents. We

Considering the defendants' representations regarding their initial disclosures to the plaintiffs and their responses to the plaintiffs' request for relevant emails, together with their explanation regarding the email retention system that JPC uses for its employees, we have no basis to conclude that the defendants have withheld responsive documents, or that there is any basis to compel a further response regarding potentially relevant email communication. The plaintiffs' motion to compel further production of responsive email will, therefore, be denied.[4]

---

thus find no basis on the record to conclude that the defendants failed to abide by their obligation under the Federal Rules of Civil Procedure to preserve potentially relevant evidence. Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably forseeable litigation." Zubulake v. UBS Warburg LLC, 229 F.R.D. 422, 430 (S.D.N.Y. 2004) (quoting West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999). The plaintiffs have not suggested, much less shown, that the defendants failed in their duty to preserve potentially relevant evidence.

[4] Although the plaintiffs purport to disbelieve the defendants' repeated representations that all responsive email have been produced, and insist there must be additional emails that have not been provided, we are constrained to note that the plaintiffs have acknowledged that they retained few emails from the defendants, and in fact did not share much email correspondence with Varun Sharma. (Doc. 32, Ex. C.) This admission would serve to support, rather than undermine, the defendants' repeated representation to the plaintiffs and the Court that no further responsive emails exist.

## B.   JPC-India Invoices and Territory Sales Figures

The plaintiffs have also sought to compel production of invoices of any products sold by JPC's Indian operations in the plaintiffs' alleged sales territories, and have further requested that the defendants be required to create and furnish them with lists setting forth certain sales and commission information. The defendants have opposed this request on the grounds that this request is improper because it seeks to require JPC to create documents that currently do not exist, or to provide the plaintiffs with information in a format of their choosing but which is not the format the company uses to maintain the information being sought.

The defendants also urge the Court to deny this request, and either to quash subpoenas that have been served upon Varun Sharma or issue a protective order with respect to discovery seeking sales information from JPC-India, on the grounds that the information sought relates exclusively to the plaintiffs' tortious interference claims, which the defendants insist are time-barred. The defendants refer the Court to two decisions where courts have prohibited discovery in such circumstances, and suggest that the same result should occur here. Notably, however, in the Kearney litigation, a similar dispute arose and the defendants affirmatively represented that they would be producing relevant invoices in the possession of JPC-India, and gross sales information and other documents that would be substantially responsive to

Kearney's request for sales and commission figures. On the basis of this representation, we found no basis to compel further production, and instead, we required only that the defendants satisfy the representations made in their brief.[5]

Although we acknowledge the defendants' argument in this case that the plaintiffs' tortious interference claims may fall on statute-of-limitations grounds, we do not agree that the discovery sought from JPC-India should be entirely precluded simply because some or all of these claims may fail. The information sought from JPC-India may be relevant to other claims asserted in this case, and we do not find the issue sufficiently clear at this point to absolutely foreclose the plaintiffs from discovering this information.[6] Given that the defendants have agreed to provide

---

[5] We thus acknowledged the defendants' agreement to furnish Kearney with information that is substantially responsive to his request for sales information relating to JPC's Indian operations, and for house account statements that are relevant to Kearney's claim that he was denied sales commissions in numerous instances. The defendants represented in July 2014 that they would provide this information to Kearney within 15 days, and it is presumed that this information has, therefore, long-since been produced to Kearney. However, in the event that the defendants have awaited a ruling on Kearney's motion to compel before producing the information they previously agreed to provide, we directed them to produce the responsive information within 14 days from the date of the Court's order.

[6] We recognize that there may be cases where it is appropriate to limit discovery into matters that are clearly time-barred, but only where the discovery is only relevant to the time-barred matters. Thus, in <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340 (1978), the United States Supreme Court instructed that the liberal discovery practice under the Federal Rules of Civil Procedure had "ultimate

substantially similar information to Kearney in the companion litigation, we believe that it will impose only a minimal additional burden to require the defendants to produce similar information to the plaintiffs in this case, notwithstanding that the defendants have moved for summary judgment on the plaintiffs' tortious interference claim. Accordingly, the defendants's request that the Court quash the subpoena to Sharma for this information, or their parallel request for a protective order to prevent this discovery, will be denied and they will be directed to produce the information within two weeks of this order.

## C. Varun Sharma's Tax Returns

Lastly, the plaintiffs have requested that the Court compel Varun Sharma to produce his tax returns, which the plaintiffs believes may be relevant to the plaintiffs' claims for punitive damages. The defendants have resisted producing these materials, in part because the information sought is sensitive, personal information of little relevance to this case, and apparently in part on the grounds that they anticipate

---

and necessary boundaries," id. at 351, but the Court was explaining that it is permissible for lower courts to deny discovery "that is relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, *unless the information sought is otherwise relevant to issues in the case*." Id. at 352 (emphasis added). Although the defendants suggest otherwise, it is not clear that the information sought in the subpoenas issued to Varun Sharma for information from JPC-India can have no relevance to other issues in this case, even if the defendants' motion for summary judgment on the pending tortious interference claim prevails.

prevailing on their pending motion for summary judgment. Alternatively, the defendants suggest that the Court defer ruling on this aspect of the plaintiff's motion until after the summary judgment motions have been resolved. See Gast v. Whitmeyer, Civ. A. No. 87-1558, 1988 WL 3092, at *1 (E.D. Pa. Jan. 14, 1988) (denying motion to compel production of tax returns without prejudice to their renewal if the defendants' pending motions for summary judgment were denied).

We believe that denying this particular request without prejudice to its renewal strikes the appropriate balance between Sharma's reasonable interest in guarding personal financial information from discovery, while at the same time preserving the plaintiffs' opportunity to seek this information if the defendants' motion for summary judgment is ultimately denied, and the litigation proceeds on claims that may give rise to punitive damages.

## III. ORDER

Accordingly, for the reasons set forth above, the plaintiffs' motion to compel (Doc. 26) will be granted in part and denied in part as follows:

1. The plaintiff's motion will be DENIED to the extent it seeks an order compelling the defendants either to produce further responsive emails or to direct the defendants to undertake another search for responsive emails that the defendants represent do not exist.

2. The plaintiffs' motion to compel the defendants to produce information relating to JPC-India sales, and sales information from within each of the plaintiffs' asserted sales territories, will be GRANTED, **but only** with respect to sales information from JPC-India and gross sales information for transactions made within the plaintiffs' alleged sales territories dating back to 2002, which is the same scope of production that the defendants have affirmatively agreed to in <u>Kearney</u>. Accordingly, the defendants' motion to quash subpoenas relating to this information, or for a protective order, (Doc. 28) is DENIED.

3. The plaintiffs' motion to compel the defendants to produce Varun Sharma's tax returns and related information is denied without prejudice to the plaintiffs renewing this request if the defendants' motion for summary judgment is denied in whole or in part.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: November 4, 2014